Frank P. NATTRASS, Petitioner-Appellant,†

v.

Jack E. WIES, and Burnett Dairy Coop,
Respondents.

Court of Appeals

*No. 88–1129. Submitted on briefs November 25, 1988.—Decided
January 3, 1989.*

(Also reported in 437 N.W.2d 221.)

† Petition to review denied.

718

For petitioner-appellant there were briefs by *Thomas J. Bitney, Bitney Law Firm. Ltd.,* of Spooner.

For respondent, Burnett Dairy Cooperative, there was a brief by *John Grindell, Grindell Law Offices, S.C.,* of Frederic.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Frank P. Nattrass appeals a final order determining that Burnett Dairy Cooperative's judgment lien against Jack Wies has priority over a subsequently recorded mortgage from Wies to Nattrass. Nattrass argues that the judgment lien was not a valid lien on Wies's real property because the docketed judgment did not contain Wies's occupation as was required by sec. 806.15(1), Stats. (1983–84), in order for the judgment to constitute a valid lien. Because the requirements of secs. 806.10(1)(a) and 806.15(1) were at relevant times ambiguous, we conclude that the judgment docket need not have included Wies's occupation for the judgment to become a valid lien on his real property. Therefore, we affirm.

The facts are undisputed. On December 29, 1980, a judgment was docketed against Wies in favor of the cooperative, but the judgment failed to reflect Wies's occupation. At that time, both secs. 806.10(1)(a) and 806.15(1) required the debtor's occupation be listed. Effective April 27, 1984, sec. 806.10(1)(a) was amended to eliminate that requirement.

On July 30, 1984, Wies executed a mortgage in favor of Nattrass that was subsequently recorded. In 1986, sec. 806.15(1) was amended[1] to eliminate the requirement that the debtor's occupation be contained within a docketed judgment before it became a lien upon the debtor's real property. This amendment had a retroactive effective date of April 27, 1984.

[1]Sec. 10, 1985 Wis. Act 145.

The cooperative argued that it had a properly docketed judgment and judgment lien as of the amendment to sec. 806.10(1)(a). Nattrass argued that the docketed judgment did not create a lien because of its failure to include Wies's occupation, as was then still required by sec. 806.15(1). The court concluded that the judgment lien was a valid lien upon Wies's real property as of April, 1984, and thus took priority over the subsequently recorded mortgage. Nattrass appeals this order.

Section 806.10(1)(a) was amended in 1984[2] to provide the following:

> **Judgment docket. (1)** At the time of entry of a judgment directing in whole or in part the payment of money, the clerk shall enter in a judgment docket, either arranged alphabetically or accompanied by an alphabetical index, a docket of such judgment containing:
>
> (a) The full name and place of residence of each judgment debtor. If the judgment or judgment docket fails to given the place of residence of the judgment debtor, the validity of the judgment is not affected thereby, but the judgment creditor may at any time file with the clerk an affidavit stating, on knowledge or information and belief, the information. The clerk shall thereupon enter the facts according to the affidavit in the docket, noting the date and hour of the entry.

This amendment removed the requirement that the clerk list the debtor's occupation when docketing a judgment. However, sec. 806.15(1), which provides that a properly docketed judgment is a lien on the debtor's

---

[2] 1983 Wis. Act 303.

real property, remained unchanged. That statute provided:

**Lien of judgment; priority; statute may be suspended. (1)** Every judgment, when properly docketed, and the docket gives the judgment debtor's place of abode and occupation, trade or profession shall, for 10 years from the date of the entry thereof, be a lien on the real property (except the homestead mentioned in s. 815.20) in the county where docketed, of every person against whom it is rendered and docketed, which the person has at the time of docketing or which the person acquires thereafter within said 10 years. A judgment based upon a claim discharged in bankruptcy shall upon entry of the order of satisfaction or discharge cease to be and shall not thereafter become a lien on any real property of the discharged person then owned or thereafter acquired.

Sec. 806.15(1), Stats. (1983–84).

Thus, the issue is whether the cooperative had a judgment lien under sec. 806.15(1) as of April, 1984, notwithstanding its failure to provide Wies's occupation. The resolution of this issue requires an interpretation of the foregoing statutes and their relationship to one another. Because this is a matter of statutory construction, it presents a question of law that this court reviews independently of the trial court's determination. *B.A.C. v. T.L.G.*, 135 Wis. 2d 280, 287, 400 N.W.2d 48, 52 (Ct. App. 1986).

Statutes that address the same subject matter must be read together. *Pulaski State Bank v. Kalbe,* 122 Wis. 2d 663, 665, 364 N.W.2d 162, 163 (Ct. App. 1985). They should be harmonized so as to give each statute

full force and effect. *State Central Credit Union v. Bigus,* 101 Wis. 2d 237, 242, 304 N.W.2d 148, 151 (Ct. App. 1981).

The two statutes in question contained different requirements regarding whether the debtor's occupation need be listed when a judgment is docketed. The 1984 amendment of sec. 806.10(1)(a) specifically removed the requirement that the debtor's occupation be listed. However, sec. 806.15(1) retained that requirement.

It is possible that the legislature intended that this additional fact be recorded in order for the judgment to become a lien on real property. It is also possible that the legislature intended the requirements to be parallel, thereby rendering the statutes in conflict. An ambiguity can be created by the interaction of two statutes on the same subject. *Estate of Walker,* 75 Wis. 2d 93, 102, 248 N.W.2d 410, 414 (1977). Because both interpretations are reasonable, these statues are ambiguous, and we will therefore examine extrinsic evidence to ascertain the legislative intent. *See Wisconsin Employers Ins. Co. v. Blue Cross & Blue Shield United,* 124 Wis. 2d 335, 344–45, 368 N.W.2d 838, 843 (Ct. App. 1985).

Because the requirements in both statutes were parallel until the amendment of sec. 806.10(1)(a) in 1984 and were once again made parallel by the retroactive amendment of sec. 806.15(1), it is evident that the legislature did not intend to create two separate requirements, one for the docketing of a judgment and the other for when the judgment became a lien upon the debtor's real property. This conclusion is supported not only by the language of the statutes both before and after amendment, but by the fact that the legislature attempted to make its amendment of sec. 806.15(1)

723

retroactive so that both amendments eliminating the requirement that the debtor's occupation be listed would have the same effective date.

This conclusion is also supported by our inability to discern any legitimate public policy reason why the legislature would choose to make a judgment capable of being docketed but at the same time not make that docketed judgment a lien on the debtor's real property. The requirement in sec. 806.10(1)(a) that the debtor's occupation be listed when the judgment was docketed was eliminated because the information was rarely available and of minimal usefulness. That reasoning applies with equal force to any such requirement in sec. 806.15(1). Therefore, we conclude that the legislature intended that a judgment lien be created upon proper docketing under sec. 806.10(1)(a).

It is necessary to resolve the ambiguity created when secs. 806.10(1)(a) and 806.15(1) are read together by ignoring the requirement that the debtor's occupation, trade or profession be listed before a judgment lien is created as a legislative oversight. It is only by doing so that the statutes can be harmonized and the legislative intent given full and complete effect. We therefore conclude that as of April 27, 1984, the cooperative's properly docketed judgment became a lien on Wies's real judgment even though it did not disclose Wies's occupation, trade or profession. In view of this reasoning, we need not address the constitutionality of the retroactive effect given to the amendment of sec. 806.15(1) in 1986.

*By the Court.*—Order affirmed.