STATE of Wisconsin, Plaintiff-Respondent,

v.

Melvin O. PERNELL, Defendant-Appellant.†

Court of Appeals

*Nos. 91-0537-CR and 91-0538-CR. Submitted on briefs October 1, 1991.—Decided November 26, 1991.*

(Also reported in 478 N.W.2d 297.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Hills & Hicks, S.C.,* by *Michael J. Hicks,* of Brookfield.

For the plaintiff-respondent the cause was submitted on the briefs of *James E. Doyle,* attorney general, by *Stephen W. Kleinmaier,* assistant attorney general.

Before Moser, P.J., Sullivan and Fine, JJ.

MOSER, P.J. Melvin O. Pernell (Pernell) appeals from judgments of conviction and an order denying his postconviction motion to withdraw his guilty plea.

Pernell raises two issues on this appeal. The first is whether his guilty plea was knowingly and voluntarily made, with respect to his understanding sentence exposure on a misdemeanor charge due to a possible application of two sentencing enhancers. The second issue is

whether the trial court erred in applying the misdemeanor sentencing enhancers.

Pernell was charged in a felony case of possession of 67.95 grams of cocaine with intent to deliver, while armed, violations of secs. 161.41(1m)(c)3, 161.16(2)(b)1 and 939.63(2), Stats. This charge had a possible maximum sentence of twenty years: fifteen years on the cocaine possession charge coupled with a penalty enhancement of five years for being armed. Pernell was also charged in that same complaint with a second felony: being a convicted felon in possession of a firearm, a violation of sec. 941.29(2), Stats., which carried a maximum sentence of two years.

Additionally, Pernell was charged with three misdemeanors.[1] These were two counts of party to the crime of criminal trespass to dwelling, violations of secs. 943.14 and 939.05, Stats., and one count of party to the crime of criminal damage to property, a violation of secs. 943.01(1) and 939.05, Stats. Each of these misdemeanor charges was potentially subject to sentence enhancement for (1) committing the misdemeanors while armed, in violation of sec. 939.63(1)(a), Stats., and (2) habitual criminality pursuant to sec. 939.62, Stats. The habitual criminality penalty was added because both parties concede that Pernell had been convicted in 1985 of felony theft of property exceeding $2,500 in value, a violation of sec. 943.20(1)(a), Stats., subject to penalty under sec. 943.20(3)(c).

The trial court sentenced Pernell to nine months on each misdemeanor, added six months to those sentences for being armed while committing the offense, and then added an additional six years for habitual criminality.

---

[1]Pernell was originally charged with four misdemeanors. An additional charge of party to the crime of criminal damage to property was dismissed by the trial court.

Thus, the total sentence for each misdemeanor offense was seven years and three months. These sentences were to be served concurrently with each other and consecutively to the felony offenses. The trial court then stayed the misdemeanor sentences and placed Pernell on probation for ten years consecutive to the felony sentences. We do not discuss the felony convictions and sentences because Pernell raises no issue about them on appeal.[2]

Pernell first argues the constitutionality of his guilty plea. To pass constitutional muster, a guilty plea must be affirmatively shown to be knowing, voluntary and intelligently made. *See State v. Bangert,* 131 Wis. 2d 246, 260, 389 N.W.2d 12, 20 (1986). Before accepting a guilty plea, the trial court is required to address the defendant personally and determine that the plea is voluntarily made with understanding of the nature of the charge and the potential punishment. *See* sec. 971.08(1)(a), Stats. Further, the court must satisfy itself that the defendant committed the crimes charged. *See* sec. 971.08(1)(b).

The record in this case shows that the sentencing court did exactly as the above-cited statute requires. The record discloses that Pernell was affirmatively advised by the trial court that the total misdemeanor sentence depended on how the trial court ruled on the habitual criminality statute, i.e., that his total sentence, for each

---

[2]Pernell initially appealed the judgment of conviction on the felonies, the judgment of conviction on the misdemeanors, and the order denying his post-conviction motion to withdraw his guilty plea. However, in his appellate brief, Pernell concedes that application of the habitual criminality enhancer does not apply to his felony conviction and thus waives his appeal of the felony conviction.

misdemeanor offense, could be enhanced by a maximum of three years if the trial court employed sec. 939.62(1)(a), Stats., or by a maximum of six years if the trial court employed sec. 939.62(1)(b). The record unequivocally shows that the State argued for the six-year maximum enhancement for habitual criminality while Pernell's trial counsel argued that the three-year maximum enhancement was the proper misdemeanor enhancement for habitual criminality. The record further discloses that the trial court explained to Pernell its reason for rejecting the three-year maximum sentence in favor of the six-year maximum enhancement sentence for habitual criminality. The record also discloses that before the court accepted the guilty plea and sentenced him, Pernell understood the happenings at the plea bargain hearing and the trial court's reasoning on possible sentencing. Thus, there is no constitutional infirmity based on accepting Pernell's guilty plea or in rejecting his posttrial motion to vacate that plea.

Pernell next argues that the trial court erred in its application of the two penalty enhancer statutes to the misdemeanor sentences. Resolution of the issue requires interpretation of the two enhancer statutes, i.e., secs. 939.63 and 939.62, Stats.

Statutory interpretation presents a question of law reviewed de novo. *State v. Michels,* 141 Wis. 2d 81, 87, 414 N.W.2d 311, 313 (Ct. App. 1987). Statutes that address the same subject matter must be read together and harmonized to give each statute full force and effect. *Nattrass v. Wies,* 148 Wis. 2d 718, 722-23, 437 N.W.2d 221, 223 (Ct. App. 1989). The primary source for construction of a statute is the language of the statute itself. *Hartlaub v. Coachmen Indus., Inc.,* 143 Wis. 2d 791, 797, 422 N.W.2d 869, 871 (Ct. App. 1988). If statutes are

clear on their face, appellate courts do not look beyond the statutory language, *In re R.H.L.,* 159 Wis. 2d 653, 657, 464 N.W.2d 848, 849 (Ct. App. 1990), because to resort to extrinsic aid for purposes of statutory construction is improper, *State v. Denter,* 121 Wis. 2d 118, 123, 357 N.W.2d 555, 557 (1984), *General Telephone Co. of WI, Inc. v. A Corp.,* 147 Wis. 2d 461, 464, 433 N.W.2d 264, 265 (Ct. App. 1988).

The issues here concern the maximum sentence for a misdemeanor that is coupled with two penalty enhancer statutes. Section 939.63, Stats., provides, in part:

> **Penalties; use of a dangerous weapon.** (1)(a) If a person commits a crime while possessing, using or threatening to use a dangerous weapon, the maximum term of imprisonment prescribed by law for that crime may be increased as follows:
>
> 1. The maximum term of imprisonment for a misdemeanor may be increased by not more than 6 months.

Section 939.62, Stats., provides, in part:

> **Increased penalty for habitual criminality.** (1) If the actor is a repeater, as that term is defined in sub. (2), and the present conviction is for any crime for which imprisonment may be imposed (except for an escape under s. 946.42 or a failure to report under s. 946.425) the maximum term of imprisonment prescribed by law for that crime may be increased as follows:
>
> (a) A maximum term of one year or less may be increased to not more than 3 years.
>
> (b) A maximum term of more than one year but not more than 10 years may be increased by not more than 2 years if the prior convictions were for

misdemeanors and by not more than 6 years if the prior conviction was for a felony.

. . ..

**(2)** The actor is a repeater if he was convicted of a felony during the 5-year period immediately preceding the commission of the crime for which he presently is being sentenced, or if he was convicted of a misdemeanor on 3 separate occasions during that same period, which convictions remain of record and unreversed. It is immaterial that sentence was stayed, withheld or suspended, or that he was pardoned, unless such pardon was granted on the ground of innocence. In computing the preceding 5-year period, time which the actor spent in actual confinement serving a criminal sentence shall be excluded.

There is no dispute that the underlying misdemeanor carried a maximum penalty of nine months of imprisonment, or that Pernell's prior conviction was for a felony that occurred within five years.

██ The trial court and the State[3] interpreted these enhancement statutes as follows. The maximum penalty for each misdemeanor offense is nine months. The plain language of sec. 939.63(1), Stats., states that if the misdemeanor offense is accomplished while the culprit was armed, the maximum sentence can be increased by not more than six months. In this case, the resulting maximum sentence was fifteen months, clearly a "maximum term of more than one year." If an offense is committed by a person with a prior felony conviction occurring within five years prior to the immediate offense, the plain language of sec. 939.62(1)(b), Stats., permits the trial court to enhance a "maximum term of more than

---

[3]The State maintained the same position both before the trial court and on appeal.

one year" by a maximum period of six years. Thus, a total sentence of seven years and three months may be imposed for each misdemeanor offense involved in this case.

Pernell's argument is that enhancement of a misdemeanor penalty cannot change the offense to a felony. The crime always remains a misdemeanor conviction even if the maximum penalty is increased by the six-month maximum because Pernell was armed while committing the misdemeanor. *See* sec. 939.63(1)(a), Stats.; *State v. Denter,* 121 Wis. 2d 118, 123, 357 N.W.2d 555, 557–58 (1984). However, we note that the added fact of being armed while committing a misdemeanor is not only a necessary condition for sentence enhancement, it is also an element of the crime charged. *See State v. Villarreal,* 153 Wis. 2d 323, 328–30, 450 N.W.2d 519, 522 (Ct. App. 1989) (sec. 939.63, Stats., requires proof of a separate fact and is thus distinguishable from sec. 939.62; use of a dangerous weapon is not only a penalty enhancer but also an element of the crime charged.). Pernell concludes that because the maximum sentence for the misdemeanor is nine months, the trial court erred by not limiting the application of the habitual criminality statute to not more than three years under sec. 939.62(1)(a). His argument continues that because the trial court wrongly applied the repeater statute, it abused its discretion and should be reversed. Pernell misreads the repeater statute.

The plain language of the repeater statute does not divide its application into misdemeanors and felonies. Both subsections (a) and (b) of the repeater statute first use the length of maximum sentence for the offense convicted as the condition precedent to their application.

*Compare* sec. 939.62(1)(a), Stats., ("A maximum term of one year or less . . ..") *to* sec. 939.62(1)(b) ("A maximum term of more than one year but not more than ten years . . ..). If the crime for which a defendant is convicted or, as in this case, pleads guilty, subjects that person to a maximum term of one year or less, the repeater statute may be increased by not more than three years. However, if the maximum sentence for the crime committed is more than one year, but not more than ten, a second dichotomy is reached, one which depends on the classification of a prior conviction as a felony or misdemeanor. Here, both parties agreed that the prior conviction was a felony.[4] Thus, the repeater statute permits enhancement of the sentence by not more than six years.

Because the maximum sentence on each current misdemeanor charge was nine months, enhanced to fifteen months for the additional fact of being armed, the trial court did not abuse its sentencing discretion in applying the six-year habitual criminality enhancer based upon the 1985 theft conviction. The trial court harmonized the plain meaning of both sentence enhancing statutes.

*By the Court.*—Judgments and order affirmed.

[4] The 1985 felony theft of property exceeding $2,500 in value.