PULASKI STATE BANK, Plaintiff-Respondent,

v.

Louise H. KALBE, Defendant-Appellant.†

Court of Appeals

*No. 84–548. Submitted on briefs October 8, 1984.—
Decided January 8, 1985.*
(Also reported in 364 N.W.2d 162.)

† Petition to review denied.

For the appellant the cause was submitted on the brief of *Eric A. Stearn* of Sturgeon Bay.

For the respondent the cause was submitted on the brief of *Warpinski & Vande Castle, S.C.*, and *William J. Vande Castle* of Pulaski.

Before Cane, P.J., Dean and Brown, JJ.

DEAN, J.    Louise Kalbe appeals the judgment awarding the Pulaski State Bank the amount of an overdraft created when the bank paid a check drawn on her account.  Kalbe argues that the bank could not charge her

account and seek reimbursement because the check was not "properly payable," sec. 404.104(1)(i), Stats., and because the bank acted in bad faith in its handling of the check. Because the bank properly charged her account even though payment created a sizable overdraft and because the stipulated facts do not raise a question of bad faith, we affirm the judgment.

Kalbe signed a check that was later lost or stolen. The check was drafted for $7,260 payable to cash and cashed at a Florida bank. The Pulaski State Bank received the check on Thursday, January 8, 1982, and paid it on Monday, January 12. The check created an overdraft of $6,542.12. The bank commenced this action to recover $7,260. The trial court awarded the bank the amount of the check plus costs and disbursements.[1]

This case involves the construction and interrelationship of several statutes. Statutory construction is a question of law. *Central National Bank v. Dustin,* 107 Wis. 2d 614, 617, 321 N.W.2d 321, 322 (Ct. App. 1982). Statutes relating to the same subject matter must be construed together. *State v. Clausen,* 105 Wis. 2d 231, 244, 313 N.W.2d 819, 825 (1982). Apparently conflicting provisions should be harmonized to give effect to the leading idea behind the statute. *State v. Schaller,* 70 Wis. 2d 107, 110, 233 N.W.2d 416, 418 (1975).

The bank could properly pay the check even though it created an overdraft. Section 404.401(1), Stats., unambiguously states that a bank may charge a customer's account for an item otherwise properly payable even though the charge creates an overdraft. The bank's pay-

---

[1] We note that the parties stipulated to an overdraft of $6,542.12. The judgment, however, awarded $7,260 as representing the overdraft. Kalbe does not challenge the amount of the award and we therefore do not address the question of whether the award should have been $6,542.12 instead of $7,260.

ment of an overdraft check is treated as a loan to the depositor, which may be recovered. *See* 10 Am. Jur. 2d *Banks* § 655 (1963). Kalbe argues that checks creating unusually large overdrafts are not properly payable. She relies on the definition of properly payable, which "includes the availability of funds for payment at the time of decision to pay or dishonor." Section 404.104(1)(i), Stats. Section 404.104(1)(i), however, is a source of bank discretion and does not limit the bank's power to pay overdrafts. The statute gives banks the option of dishonoring checks when sufficient funds are not available. *See also* sec. 404.109(2), Stats. The bank may consider the check to be not properly payable and refuse to pay without risk of liability for wrongful dishonor. This does not prevent the bank from alternatively paying the overdraft check and, if it is otherwise properly payable, charging the customer's account. Section 404.401(1) places no limit on the size of the overdraft or the bank's reason for payment. Construing the statutes together, "otherwise properly payable" refers to those requirements other than availability of funds.

■

It is undisputed that in all other respects the check was properly payable. Kalbe does not argue that the bank honored an altered check or a check bearing a forged or unauthorized maker's signature. *See Winkie, Inc. v. Heritage Bank of Whitefish Bay*, 99 Wis. 2d 616, 622, 299 N.W.2d 829, 833 (1981). The check was therefore otherwise properly payable and Kalbe's liability is complete. The check creating the overdraft carried Kalbe's implied promise to reimburse the bank. *See* Official U.C.C. Comment, *reprinted in* W.S.A. § 404.401, at 471 (West 1964).

■

The bank's ability to charge Kalbe's account is not affected by its failure to meet the midnight deadline. The bank was a payor bank, sec. 404.105(2), Stats., and

was required to pay, return, or otherwise dishonor the check by midnight on the next banking day following the banking day on which it received the item, secs. 404.302 (1) and 404.104 (1) (h), Stats. By failing to act on the check by midnight on January 9, 1982, the bank became accountable for the item to the bank presenting the check. Section 404.302 (1), Stats. The bank's relationship with Kalbe was not changed. Section 404.302 is not among the statutory sections detailing the bank-customer relationship; rather the statute establishes payor bank collection practices. The check remained otherwise properly payable. By delaying action beyond the deadline, the bank in effect paid the check and could charge Kalbe's account.

The alleged negligence of the bank in missing the midnight deadline is irrelevant. Section 404.401 places no duty of ordinary care on the bank in creating overdrafts. In other statutes concerned with the bank-customer relationship a duty of care is imposed. Sections 404.402 and 404.406 (3), Stats. The absence of such a provision in sec. 404.401 must be considered the legislature's intentional choice.

A duty of good faith, however, is imposed on the bank because it charged Kalbe's account according to the tenor of a completed item. Section 404.401 (2), Stats. Moreover, every contract or duty within ch. 404 imposes an obligation of good faith in its performance or enforcement. Section 401.203, Stats. For purposes of ch. 404, good faith means honesty in fact. Sections 404.104 (4) and 401.201 (19), Stats.

We cannot say that the bank's conduct evidences bad faith. *See Northwestern National Insurance Co. v. Midland National Bank,* 96 Wis. 2d 155, 169, 292 N.W.2d 591, 599 (1980). The bank attempted to contact Kalbe before the midnight deadline. The bank also confirmed

the check with the Florida bank. Kalbe did not report the check's loss or theft until finally contacted by the bank. At that time, the bank attempted to return the check.

*By the Court.*—Judgment affirmed.