665 So.2d 709 (1995)
Jill Elizabeth MARTIN, et al., Plaintiffs-Appellants,
v.
Sterling BIGNER, et al., Defendants-Appellees.
No. 27694-CA.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1995.
*710 Nelson W. Cameron, Shreveport, for Appellants.
Bodenheimer, Jones, Klotz & Simmons by Claude W. Bookter, Jr., Shreveport, for Appellee, Shreveport Country Club.
Billy J. Guin, Jr., Shreveport, for Appellee, Sterling Bigner.
Before MARVIN, C.J., NORRIS, J., and PRICE, J. Pro Tem.
MARVIN, Chief Judge.
In this female employee's action for damages against her employer based on alleged assault, battery and sexual harassment, we reverse the judgment that sustained the employer's exception of no cause of action and *711 dismissed her demands.[1] The employer, Shreveport Country Club, is alleged to be a "private membership club organized under the laws of the State." Defendant asserts the statutes relied on by plaintiff exempt such clubs from the regulations regarding discrimination. We render judgment overruling the exception and remand for further proceedings.
A member of the board of directors of the country club, whose alleged conduct and words on four occasions at the club during a four-month period caused the damages prayed for, was originally joined with the employer as a defendant. This defendant was later dismissed from the action on a joint motion alleging settlement and compromise.

DISCUSSION
Jill E. Martin, who was a grill supervisor at the Shreveport Country Club, alleged she was assaulted, battered and sexually harassed by the conduct and words of the director at the club on four occasions during a four-month period:
May 16, 1992He pushed Martin into a linen closet and stated "alright party time."
June 1992He purchased a drink from Martin's drink cart and ran the can along her upper thigh.
June-July 1992He touched Martin on the back and waist while making sexually suggestive statements.
September 26, 1992He grabbed Martin's face while making sexually suggestive statements.
Martin alleges that during this time Shreveport Country Club maintained a personnel manual which prohibited employees from resisting unwanted conduct by club members or reporting such conduct to club management and that the director knew about the club policy which effectively facilitated his conduct toward her. She asserts that notwithstanding the policy, Martin reported the director's conduct to defendant's management, who failed to intercede or prevent the alleged conduct and eventually fired her for making the report.

FACT PLEADING
Abandoning any necessity for stating a theory of the case, Louisiana has adopted fact pleading. It is not necessary to plead the theory of a case in a petition. LSA.-C.C.P. Art. 862; Kizer v. Lilly, 471 So.2d 716, 719 (La.1985); Perkins v. Scaffolding Rental & Erection, 568 So.2d 549 (La.1990). As long as the facts constituting a claim are alleged, the party may be granted any relief to which he is entitled under the pleadings and the evidence. The "theory of the case" doctrine has been abolished. First South Prod. Cr. v. Georgia-Pacific, 585 So.2d 545 (La.1991).
The litigants and the trial court apparently overlooked the stated pleading principles. Defendant's exception of no cause of action and supporting memorandum assert plaintiffs' petition fails to state a cause of action under federal civil rights statutes[2] and state statutes, LRS 23:1006[3] and LRS 51:2231,[4] that prohibit discrimination in employment and public accommodations. The trial court opinion focused exclusively on the applicability of such statutes, found they did not provide a cause of action against a private club or nonprofit organization, and dismissed the suit.
Regardless of the applicability of the federal and state statutes, the petition alleges facts that suggest other causes of *712 action, including but not limited to assault, battery, and intentional infliction of emotional harm. Battery is the intentional harmful or offensive contact with another person. Caudle v. Betts, 512 So.2d 389 (La.1987). Although words alone may not be sufficient to constitute an assault, threats coupled with the present ability to carry them out is sufficient when the victim is placed in reasonable apprehension of receiving an injury. Muslow v. A.G. Edwards & Sons, Inc., 509 So.2d 1012 (La.App. 2d Cir.1987). Bustamento v. Tucker, 607 So.2d 532 (La.1992), has suggested that a claim of a sexual harassment could be based on an intentional infliction of emotional distress. An employer's continued inaction may give rise to a claim for intentional infliction of emotional distress. Tucker at footnote 15; See Ford v. Revlon, Inc., 153 Ariz. 38, 734 P.2d 580 (1987).

EXCEPTION OF NO CAUSE OF ACTION
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. CCP Art. 931. Therefore, the court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Everything on Wheels v. Subaru South, 616 So.2d 1234 (La. 1993). On appeal, this court must determine if the facts alleged in the petition state any cause of action. If we find any cause of action is stated, then our inquiry is complete.
In Louisiana every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it. CC Art. 2315. Moreover, the owner or operator of a facility has the duty of exercising reasonable care for the safety of persons on his premises and the duty of not exposing such persons to unreasonable risks of injury or harm. The relationship of an employer to his employee gives rise to a similar duty. LRS 23:13; Mundy v. Dept. of Health & Human Res., 620 So.2d 811 (La.1993).
According to Martin's petition she was subjected to assault, battery and sexual harassment on several different occasions during the four-month period. Her employer, allegedly after being informed by her of the harmful conduct, refused to intervene or protect her from the director and eventually fired her for complaining about the incidents. If an employer knows or should know of a dangerous condition or person on his premises, the employer is obligated to take reasonable steps to protect employees. Mundy, supra.

DECREE
We reverse and render judgment overruling defendant's exception of no cause of action and remand for further proceedings. Costs of the appeal are assessed to Shreveport Country Club.
REVERSED, RENDERED AND REMANDED.
NOTES
[1] Additional plaintiffs-appellants are Jill Martin's husband and minor child, who individually also seek damages. We refer to plaintiff in the singular.
[2] Title 42 U.S.C.A. Sec. 1981 guarantees equal protection under the law.
[3] LSA-R.S. 23:1006 prohibits intentional discrimination by an employer, as defined in the statute, against an applicant for employment or an employee on the basis of race, color, religion, sex, or national origin.
[4] LRS 51:2231 created the Louisiana Commission on Human Rights to provide for execution within Louisiana of the policies embodied in the Federal Civil Rights Act of 1964, 1968, and 1972 and the Age Discrimination in Employment Act of 1967. The Act prohibits discrimination on the basis of race, creed, color, religion, pertaining to Louisiana Commission on Human Rights.