715 So.2d 647 (1998)
Aaron HAILEY and Stacey Hailey, Plaintiff-Appellant,
v.
Ron HICKINGBOTTOM, et al., Defendant-Appellee.
No. 30728-CA.
Court of Appeal of Louisiana, Second Circuit.
June 24, 1998.
*648 Snellings, Breard, Sartor, Inabnett & Trascher by Jon K. Guice, Monroe, for Plaintiff-Appellant.
Arbour & Aycock by Larry, West Monroe, and McLeod Verlander by Pamela G. Nathan, Monroe, for Hixon Hopkins Autoplex.
Before MARVIN, C.J., and CARAWAY and PEATROSS, JJ.
CARAWAY, Judge.
In this sexual harassment case, plaintiff, Aaron Hailey, appeals the judgment of the trial court dismissing his suit for failure to state a cause of action. Plaintiff and his wife, Stacey, sought damages for the emotional distress they suffered following the termination of both of their jobs with the defendant auto dealership. Finding that Aaron has alleged a cause of action under La. R.S. 51:2256 and 51:2264, we reverse the judgment of the trial court and the matter is remanded for further proceedings.

Allegations of Petition
In their initial petition, Aaron and Stacey alleged that he was employed by defendant, Hixson Hopkins Autoplex, Inc., from December 1995 until he was terminated on March 18, 1996 and that Stacey was employed from September 1993 until she was constructively discharged in September 1996. Both asserted that they were interviewed and hired by Ron Hickingbottom who was an agent and employee of the dealership. Hickingbottom is alleged to have physically touched Stacey in an offensive manner throughout her employment.
On February 14, 1996, Hickingbottom allegedly summoned Stacey to his office and stated he had romantic feelings for her and that Aaron, whom he had heard she was dating, was not the right man for her. At that time Stacey told Hickingbottom his advances were unwelcome.
*649 After the plaintiffs' prospects for marriage were revealed, the plaintiffs were advised that one of them would be terminated if they married. After Aaron and Stacey married, Aaron was fired when he refused to resign.
Stacey alleged acts of battery and the creation of a hostile working environment by Hickingbottom's advances. Further, she alleged quid pro quo sexual harassment occurred based upon employment decisions made after Hickingbottom was rebuffed. Specifically, defendants, Hixson Hopkins and Hickingbottom, retaliated against Stacey by removing a chair which she needed for support during her pregnancy.
In plaintiffs' supplemental and amending petition filed after the trial court's initial grant of Hixson Hopkins' exception of no cause of action, Aaron alleged that he was terminated because he "had questioned the discrimination/harassment being inflicted upon Stacey and had provided Hixson Hopkins with information regarding Stacey's mistreatment."
Plaintiffs alleged the dealership's vicarious liability arose out of its accountability for Hickingbottom's actions and its individual liability arose from wrongfully terminating Aaron, not ending Hickingbottom's harassment, condoning Hickingbottom's misconduct and constructively discharging Stacey. In addition to alleging that Stacey miscarried as a result of defendants' actions, the plaintiffs asserted loss of past and future wages and benefits, increased expenses, severe emotional distress and other damages.
Although Aaron maintained that he alleged a cause of action separate from the claim of Stacey, the trial court rejected his claims under La. R.S. 23:964 and 51:2242 and La. C.C. art. 2315 and granted the exception of no cause of action dismissing Aaron from the suit.

Exception of No Cause of Action
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931. Therefore, the court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Everything on Wheels v. Subaru South, 616 So.2d 1234 (La.1993). On appeal, this court must determine if the facts alleged in the petition state any cause of action. If we find any cause of action is stated, then our inquiry is complete. Martin v. Bigner, 27,694 (La. App.2d Cir. 12/6/95), 665 So.2d 709.
Louisiana has abandoned any necessity to plead a theory of the case in favor of fact pleading, where it is not necessary to plead the theory of a case in a petition. La. C.C.P. art. 862; Kizer v. Lilly, 471 So.2d 716, 719 (La.1985); Perkins v. Scaffolding Rental & Erection, 568 So.2d 549 (La.1990). As long as the facts constituting a claim are alleged, the party may be granted any relief to which he is entitled under the pleadings and the evidence. The "theory of the case" doctrine has been abolished. Martin v. Bigner, supra; First South Prod. Cr. v. Georgia-Pacific, 585 So.2d 545 (La.1991). Regardless of the theories tested by the trial court in granting the exception of no cause of action, the appellate court may determine a cause of action exists under a different theory from its review of the alleged facts of the petition. Martin v. Bigner, supra.

Discussion
Before this court for the first time in this case, Aaron argues that a cause of action exists under Chapter 38 of Title 51, entitled the "Louisiana Commission on Human Rights" (the LCHR act), sections 2256(1) and 2264 and former section 2242(A).[1] We agree. *650 Under these provisions of the LCHR act, an employer may not retaliate against any person because he has opposed a practice declared unlawful under the LCHR act. La. R.S. 51:2256(1).[2] In this case, Aaron alleges that he was dismissed from employment after questioning the sexual harassment of Stacey and providing information to the defendant regarding her mistreatment.
From our reading of the language of section 2256(1), the statute broadly affords protection to not only the party who is discriminated against or harassed (in this case, Stacey), but also to a witness to the wrongful actions who then opposes the practice. If a witness/co-worker reports the wrongful acts inflicted upon another co-worker and opposes the employer's practices, the employer may not retaliate against the witness/co-worker. Aaron now alleges that his opposition to the treatment of Stacey resulted in defendant's retaliatory discharge of his employment. Under these provisions of the LCHR act and section 2264,[3] we agree that Aaron is afforded a cause of action for civil remedies for the alleged violation of the LCHR act.
Nevertheless, the defendant argues that the plaintiffs' petition fails to allege any discriminatory practices toward Stacey which would place her under the LCHR protection of section 2242(A). As set forth above in footnote 1, at the time of the alleged sexual harassment of Stacey, Louisiana's law contained two statutory provisions, La. R.S. 23:1006 and section 2242(A) of the LCHR act, regarding discrimination based on sex. Both statutes contain similar language tracking the language of Title VII of the federal law under which sexual harassment claims have been recognized as a form of discrimination based upon sex. Though the Louisiana courts have previously utilized La. R.S. 23:1006 as the basis of our state law claims for sexual harassment (footnote 1, supra,) section 2242(A) of the LCHR act also served as a statutory basis for a Title VII-type claim for sexual harassment. From our review of the allegations regarding Stacey's treatment during her employment with defendant, a cause of action for the sexual harassment of Stacey under section 2242(A) has been stated. *651 Aaron's opposition to that sexual harassment of Stacey which allegedly prompted his discharge from employment is an opposition to a practice declared unlawful under the LCHR act.

Conclusion
For the foregoing reason, the judgment of the trial court is reversed, and we remand the case to the trial court for further proceedings in accordance with this opinion. Costs of this appeal are assessed against appellee.
REVERSED AND REMANDED.
NOTES
[1] At the time of this 1996 incident, Louisiana law contained two statutory provisions tracking the anti-discrimination language of Title VII of the federal Civil Rights Act proscribing employment discrimination based upon an individual's sex. The two statutes provided as follows:

La. R.S. 51:2242(A). It shall be a discriminatory practice for an employer:
(1) To fail, to refuse to hire, or to discharge any person or otherwise to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment because of the individual's race, creed, color, religion, sex, age, disability, as defined in R.S. 51:2232(11), or national origin. La. R.S. 23:1006(B). It shall be unlawful discrimination in employment for an employer to:
(1) Intentionally fail or refuse to hire, refer, discharge, or to otherwise intentionally discriminate against or in favor of an individual with respect to compensation, terms, conditions, or privileges of employment, because of race, color, religion, sex, or national origin; or...
In the adjudication of sexual harassment claims, Louisiana decisions have generally cited La. R.S. 23:1006, which was enacted in 1983 prior to the enactment of La. R.S. 51:2242 in 1988, and have followed the federal interpretations in Title VII cases in defining sexual harassment. Spears v. Rountree Oldsmobile-Cadillac Co., 26,810 (La.App.2d Cir. 4/5/95), 653 So.2d 182; Bennett v. Corroon and Black Corp., 517 So.2d 1245 (La.App. 4th Cir.1987).
The primary substantive difference between section 2242 of Title 51 and section 1006 of Title 23 was the absence of the "intentional" discrimination requirement in the later provision. Because the later statute is apparently more expansive in the protection it affords than the earlier statute, the question was raised regarding whether 51:2242 de facto repealed 23:1006. See generally, Comment, Louisiana's Fair Employment Statutes: A Cry For Clarity Amid Expansive Federal Civil Rights Protection, 37 Loy.L.Rev. 313 (1991). The Legislature responded in 1997 by enacting under Title 23 a single chapter of Louisiana Employment Discrimination Law, La. R.S. 23:301 et seq, repealing, amending and reenacting under this sole chapter the former two separate provisions regarding employment discrimination. La.1997 Acts 1409; La. R.S. 23:332. After the repeal of La. R.S. 51:2242, Title 51 now expressly defines employment discrimination for purposes of violations of Chapter 38 of Title 51 by reference to the newly enacted La. R.S. 23:332. La. R.S. 51:2232(12).
[2] La. R.S. 51:2256 provides, in pertinent part: "It shall be an unlawful practice for a person or for two or more persons to conspire:

(1) To retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this Chapter, or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this Chapter."
[3] La. R.S. 51:2264 provides: "Any person deeming himself injured by any alleged violation of the provisions of this Chapter shall have a civil cause of action in district court to enjoin further violations and to recover the actual damages sustained by him, together with the costs of court and a reasonable fee for his attorney of record, all of which shall be in addition to any other remedies contained in this Chapter."