737 So.2d 213 (1999)
Gloria LOWREY, Plaintiff-Appellee,
v.
Lanis PETTIT d/b/a Citgo Mini Foods, Defendant-Appellant.
No. 31881-CA.
Court of Appeal of Louisiana, Second Circuit.
May 7, 1999.
*214 W. David Hammett, Monroe, Counsel for Appellant.
J. Michael Rhymes, Monroe, Counsel for Appellee, Gloria Lowrey.
*215 Donald J. Armand, Jr., Shreveport, Counsel for Appellee, Travelers Insurance Co.
Before BROWN, WILLIAMS and PEATROSS, JJ.
WILLIAMS, Judge.
The defendant, Lanis Pettit d/b/a Citgo Mini Foods, appeals a judgment rendered in favor of the plaintiff, Gloria Lowrey. The district court found that the plaintiff was sexually harassed by the defendant, whose conduct created a hostile work environment. For the following reasons, we amend and affirm as amended.

FACTS
In the Fall of 1993, Gloria Lowrey was hired to work as a cashier at a convenience store owned and operated by Lanis Pettit. According to Lowrey, when she began working, Pettit would occasionally hug her or touch her hand. However, Lowrey became uncomfortable as the physical contact increased. Pettit often brushed his body against hers and placed his hands on her waist and hips while she was working. Lowrey stated that Pettit frequently commented about her appearance, that he once tied her hair back with an elastic band and on occasion buttoned the front of her shirt. According to Lowrey, at other times Pettit called her into his office and attempted to pull her onto his lap or to kiss her. Lowrey said that at the time, she needed the job to support her three children and to relieve financial difficulties during her divorce. In September 1995, Lowrey quit her job after an argument with Pettit concerning her work duties.
Subsequently, the plaintiff, Gloria Lowrey, filed a petition for damages against the defendant, Lanis Pettit d/b/a Citgo Mini Foods, alleging that she had been subjected to unwelcome sexual advances, including physical touching by defendant, and that the employer's method of compensation violated the federal Fair Labor Standards Act ("FLSA"). During the trial, at the close of plaintiffs case, the district court granted defendant's motion for involuntary dismissal of plaintiffs FLSA wage claim. After completion of the trial, the district court rendered judgment in favor of plaintiff, finding that she was subjected to continuing unwelcome sexual advances and unnecessary physical touching by the defendant, whose conduct created a hostile work environment. The district court awarded plaintiff the sum of $30,000 in general damages. The defendant appeals the judgment.

DISCUSSION
In several assignments of error, the defendant contends the trial court erred in finding that plaintiff was subjected to a hostile work environment and in denying his motion for a new trial. Defendant argues that because the plaintiffs claim is based on LSA-R.S. 23:1006, the defendant cannot be held liable for damages since he is not an "employer" as defined in the statute.
Initially, we note that LSA-R.S. 23:1006 was repealed by Acts 1997, No. 1409, § 4, effective August 1, 1997. The provisions prohibiting employment discrimination on the basis of race, color, religion, sex or national origin are now contained in LSA-R.S. 23:331-334. Because the complained of conduct occurred prior to the effective date of the amendment, we will apply the provisions of former R.S. 23:1006 to the facts in the present case.
Louisiana's anti-discrimination law, R.S. 23:1006, is similar in scope to the language of Title VII of the federal Civil Rights Act, under which sexual harassment claims have been recognized as a form of discrimination based upon sex. See 42 U.S.C. § 2000e, et seq; Hailey v. Hickingbottom, 30,728 (La.App.2d Cir.6/24/98), 715 So.2d 647; LeBeaux v. Newman Ford, Inc., 28,609 (La.App.2d Cir.9/25/96), 680 So.2d 1291.
*216 The term "employer" is defined as a person receiving services from an individual and in return giving compensation and "who employs more than fifteen employees." LSA-R.S. 23:1006 A(1). The evidence in the record indicates that the defendant employed approximately nine to eleven employees during a week. Thus, we conclude the provisions of R.S. 23:1006 are not applicable to the defendant, who is not an employer as defined by the statute. However, this conclusion does not end our inquiry.
Louisiana has abandoned any necessity to plead a theory of the case, and has instead adopted fact pleading. Consequently, a litigant need not plead the theory of a case in a petition. LSA-C.C.P. art. 862; Kizer v. Lilly, 471 So.2d 716 (La. 1985); Martin v. Bigner, 27,694 (La. App.2d Cir.12/6/95), 665 So.2d 709. So long as the facts constituting a claim are alleged, the party may be granted any relief to which she is entitled under the pleadings and evidence. LSA-C.C.P. art. 865; Martin v. Bigner, supra. Regardless of the inapplicability of R.S. 23:1006, the plaintiff's petition alleges facts that suggest other causes of action, including battery. Therefore, the trial court did not err in denying the motion for new trial.
Battery is defined as intentional offensive contact with another person. Caudle v. Betts, 512 So.2d 389 (La.1987). The intention need not be malicious nor an intent to inflict actual damage. It is sufficient if the actor intends to inflict an offensive contact without the other's consent. Coppage v. Gamble, 324 So.2d 21 (La.App. 2d Cir.1975). The defendant is liable not only for contacts that do actual physical harm, but also for those relatively minor ones, which are merely offensive or insulting. Caudle v. Betts, supra. In Louisiana, every act whatever of man that causes damage to another obliges the person at fault to repair the harm. LSA-C.C. art. 2315.
The task of a reviewing court is to assess whether the fact finder's resolution of conflicting evidence was reasonable in light of the record as a whole. Fowler v. Wal-Mart Stores, Inc., 30,843 (La. App.2d Cir.8/19/98), 716 So.2d 511. If a trial court's findings are reasonable when the record is reviewed in its entirety, then the appellate court may not reverse. Fowler, supra.
Here, the plaintiff testified that defendant frequently pressed his body against hers and placed his hands on her waist and hips. Plaintiff stated that on several different occasions, the defendant called her into his office, where he brushed against her breasts while adjusting her clothing and grabbed her in an attempt to physically pull her onto his lap. Plaintiff testified that the defendant's conduct offended her, that she did not welcome his touching and that she tried to avoid being near defendant.
The plaintiffs testimony was corroborated by two of defendant's former employees, Lisa Rice, and plaintiffs sister, Donna Wilkerson, both of whom worked at the store with plaintiff. Rice testified that she observed defendant touching the plaintiff to button her work smock. Wilkerson testified that she observed defendant brushing against other employees, putting his arm around them and placing his hands on their waist as he passed, causing unnecessary contact.
The defendant presented testimony by three of his current employees who worked at the store at the same time as plaintiff. Lillie Augurson, Lisa Reppond, and Rachel Smith each testified that they had not observed defendant make any type of sexual advances toward plaintiff. However, Smith acknowledged that she had seen defendant touch employees by placing his arm around them. Defendant denied touching plaintiff in the manner she had described.
The trial court heard the conflicting testimony and weighed the credibility of the *217 witnesses. After reviewing the record, we cannot say the trial court was clearly wrong in finding that during her employment, the plaintiff was subjected to continuing unnecessary touching and unwelcome offensive contact by defendant. These factual findings establish that defendant committed a battery upon plaintiff, who is entitled to recover for her damages resulting from defendant's conduct. The assignments of error lack merit.

General Damages
The defendant contends the trial court erred in awarding excessive damages. Defendant argues that plaintiff failed to present evidence to support the general damage award of $30,000.
General damages are those that may not be fixed with pecuniary exactitude. Such damages involve mental or physical pain or suffering, inconvenience, the loss of physical enjoyment, or other losses of life or lifestyle that cannot be definitively measured in monetary terms. Caldwell v. Smith, 25,956 (La.App.2d Cir.8/17/94), 641 So.2d 1011.
In appellate review of general damages, the initial inquiry is whether the award for the particular injuries and their effects under the circumstances on the particular injured person is a clear abuse of the fact finder's broad discretion. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993). Only after a review of the record discloses an abuse of discretion may the appellate court determine that the award is either excessive or insufficient. Once it has been determined that the trier of fact has abused its discretion, the appellate court may lower an award of damages to the highest point which is reasonably within the discretion of the trial court. Caldwell, supra.
In the present case, the plaintiff testified that she felt violated by the defendant's conduct and that as a result, she was often emotionally upset and nervous. In addition, plaintiff stated that she experienced trouble sleeping and eating due to the anxiety and stress caused by defendant's unwelcome physical contact. The plaintiff testified that despite the physical and emotional discomfort she felt as a result of defendant's conduct, the job was very important to her at the time because she was a single mother who was trying to care for three children, one of whom needed ongoing medical attention. Further, we agree with the trial court's finding that the plaintiff suffered from a continuing pattern of batteries inflicted by defendant during a period of approximately two years.
However, the plaintiff did not produce any medical records of treatment for her condition and the duration of her symptoms is unclear from the testimony. Nor does the evidence show that plaintiff's emotional distress continued for any significant time after she quit her job. Based on this sparse record, we must conclude that the trial court abused its discretion in awarding general damages of $30,000. Consequently, we must reduce the award to the highest amount which is reasonably within the discretion of the trial court.
Accordingly, we lower the general damage award to $15,000, the highest amount which could have reasonably been assessed under the circumstances.

CONCLUSION
For the foregoing reasons, the trial court's judgment is hereby amended to reduce the award of general damages to the sum of $15,000. The judgment is otherwise affirmed. Costs of this appeal are assessed to appellant, Lanis Pettit.
AMENDED AND AFFIRMED AS AMENDED.