United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 9, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30976
Summary Calendar

BANK OF ABBEVILLE & TRUST CO

                    Plaintiff - Appellant

     v.

COMMONWEALTH LAND TITLE INSURANCE CO

                    Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
No. 6:05-CV-899

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

     In this diversity action, plaintiff-appellant Bank of
Abbeville & Trust Co. appeals the district court's dismissal of
its action for unjust enrichment against defendant-appellee
Commonwealth Land Title Insurance Co.  For the reasons stated, we
AFFIRM.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

     Plaintiff-appellant Bank of Abbeville & Trust Co. ("Bank")

---

     [*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

alleged in its complaint that an account holder at the Bank, Joseph Kosarek ("Kosarek"), defrauded the Bank of more than $600,000. According to the complaint, Kosarek was an approved attorney and issuing agent of defendant-appellee Commonwealth Land Title Insurance Co. ("Commonwealth"). In connection with various real estate transactions, Kosarek received from lenders certain moneys that were to be held in trust in his account at the Bank and then transferred to other parties. The Bank alleges that Kosarek fraudulently wrote checks that the Bank honored, resulting in the account being overdrawn by more than $600,000. The Bank now seeks to recover the overdrawn amount from Commonwealth.

The Bank brought an action against Commonwealth for unjust enrichment under LA. CIV. CODE ANN. art. 2298 (1997). Commonwealth moved to dismiss under FED. R. CIV. P. 12(b)(6), contending that the Bank had not alleged that it had no other remedy at law, a requisite element of an unjust enrichment claim in Louisiana. The district court dismissed the Bank's action without prejudice, and the Bank now appeals.

## II. DISCUSSION

### A. Standard of Review

This court reviews de novo the grant of a motion to dismiss under Rule 12(b)(6). Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (citing Gregson

v. Zurich Am. Ins. Co., 322 F.3d 883, 885 (5th Cir. 2003)).  We "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) (citing Doe v. Hillsboro Indep. Sch. Dist., 81 F.3d 1395, 1401 (5th Cir. 1996)).  "[T]he court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that [it] could prove consistent with the allegations in the complaint."  Id. (citing Vander Zee v. Reno, 73 F.3d 1365, 1368 (5th Cir. 1996)).  "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ."  Rios v. City of Del Rio, 444 F.3d 417, 421 (5th Cir. 2006) (omission in original) (quoting Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995)).

**B.  Analysis**

The Bank first contends that the district court's dismissal of its unjust enrichment claim was improper because the complaint complied with FED. R. CIV. P. 8(a), (e).  The Bank correctly states Rule 8(a)'s pleading requirement for a claim: the complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  The Bank also accurately recites its obligation under Rule 8(e) to make the complaint's averments "simple, concise, and direct."  FED. R. CIV. P. 8(e)(1).  But the Bank

incorrectly posits that its compliance with Rule 8 precludes dismissal under Rule 12(b)(6).

The Bank's reliance on its conformance with Rule 8 is misplaced. On the one hand, a Rule 12(b)(6) motion to dismiss for failure to state a claim may be a proper vehicle to challenge the sufficiency of a pleading under Rule 8. See 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1203 (3d ed. 2004) ("[T]he form and sufficiency of a statement of a claim for relief under Rule 8(a)(2) may be tested by a motion to dismiss for failure to state a claim upon which relief can be granted, Rule 12(b)(6) . . . ."). But mere compliance with Rule 8 does not itself immunize the complaint against a motion to dismiss. See Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041 (7th Cir. 1999). The Bank "confuses form with substance. Rule 8(a)(2) specifies the conditions of the formal adequacy of a pleading. It does not specify the conditions of its substantive adequacy, that is, its legal merit." Id. (emphases added). Thus, notwithstanding the Bank's compliance with Rule 8's formal requirements by pleading a short and plain statement of its purported claim, dismissal is nevertheless proper if the Bank would not be entitled to relief under any set of facts or any possible theory that it could prove consistent with the complaint's allegations. See Jones, 188 F.3d at 324 (citing Vander Zee, 73 F.3d at 1368).

Accepting the allegations in the complaint as true and

-4-

viewing them in the light most favorable to the Bank, the Bank would not be entitled to relief against Commonwealth under the theory of unjust enrichment[1] because it cannot prove the fifth element of an unjust enrichment claim——a lack of other remedy at law.  Under Louisiana law, a bank may honor a check written by its customer and charge the amount of the check against the customer's account even if doing so would result in the account being overdrawn.  LA. REV. STAT. ANN. § 10:4-401(a) (2003) ("A bank may charge against the account of a customer an item that is properly payable from that account even though the charge creates an overdraft."); see also McGuire v. Bank One, La., N.A., 744 So. 2d 714, 716-17 (La. Ct. App. 1999).  Once a bank honors a check that results in an overdraft, the customer is liable to the bank for the amount of the overdraft.  See Chrysler Credit Corp. v. Whitney Nat'l Bank, 798 F. Supp. 1234, 1237 (E.D. La. 1992) ("Whitney [National Bank] had covered TOJ's overdrafts, which, legally, functions as a loan from Whitney to TOJ."); McGuire, 744

---

[1] An action for unjust enrichment under LA. CIV. CODE ANN. art. 2298 contains five elements: (1) enrichment on the part of the defendant, (2) impoverishment on the part of the plaintiff, (3) a causal connection between the defendant's enrichment and the plaintiff's impoverishment, (4) an absence of justification or cause for the enrichment and impoverishment, and (5) a lack of other remedy at law.  See Indus. Cos. v. Durbin, 837 So. 2d 1207, 1213-14 (La. 2003) (citing Hartmann v. Bank of La., 702 So. 2d 648, 658 (La. 1996)).

In the present case, the parties do not dispute that the complaint contains sufficient allegations regarding the first four elements; rather, this appeal is focused on the fifth element——a lack of other remedy at law.

So. 2d at 717 (citing with approval <u>City Bank of Honolulu v. Tenn</u>, 469 P.2d 816 (Haw. 1970), which "based its reasoning on cases holding that payment of the check creating an overdraft constitutes a loan for which the bank customer is liable for repayment"); <u>see also</u> 9 C.J.S. <u>Banks and Banking</u> § 349 (1996). Thus, the Bank has another remedy at law: it may pursue an action against its customer, Kosarek, to recover the amount of the overdraft. Moreover, at the district court, the Bank conceded that it had a remedy against Kosarek: "The Bank does not dispute that another remedy was available under the law for its impoverishment. It has pursued available rights and remedies against . . . Kosarek . . . and his wife." 1 R. 58. Because, based on the complaint's allegations, the Bank has another remedy at law, dismissal of its unjust enrichment claim was proper.

In the same vein as its argument regarding Rule 8, the Bank next asserts that dismissal was improper because it complied with Rule 9(c), which provides: "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred." FED. R. CIV. P. 9(c). The Bank contends that the existence of another remedy is actually a defense that Commonwealth must plead with particularity under Rule 9(c). The Bank's argument is without merit for two reasons. First, lack of another remedy is an element of an unjust enrichment action, not a condition precedent or a defense. <u>See</u> <u>Indus. Cos. v. Durbin</u>,

-6-

837 So. 2d 1207, 1213-14 (La. 2003) (citing <u>Hartmann v. Bank of La.</u>, 702 So. 2d 648, 658 (La. 1996)). Second, even if lack of another remedy were a condition precedent, meaning that Rule 9(c) would apply, the Bank has not complied with the Rule because at no point in the complaint does the Bank allege⸺not even generally⸺that it has no other remedy at law or that all conditions precedent to its claim have been satisfied. <u>Cf.</u> <u>EEOC v. Klingler Electric Corp.</u>, 636 F.2d 104, 106 (5th Cir. Unit A Feb. 1981) (per curiam) ("A general averment that 'all conditions precedent to the institution of this lawsuit have been fulfilled' is quite adequate for pleading purposes." (citing FED. R. CIV. P. 9(c); <u>EEOC v. Standard Forge & Axle Co.</u>, 496 F.2d 1392 (5th Cir. 1974))). And even had the Bank complied with Rule 9(c), its argument is without merit for the same reason that its argument with respect to Rule 8 is without merit: Rule 9(c) addresses merely the form of the complaint, not the claim's substance.

The Bank additionally contends that the district court should have converted Commonwealth's motion to dismiss into a motion for summary judgment and should have permitted discovery because, in deciding the motion, it considered information outside the scope of the complaint. At the hearing before the district court, Commonwealth advised the court that the Bank was pursuing claims against Kosarek to recover its loss. In making its decision, the court did not exclude this information even though it is not set forth in the complaint. But in deciding a

-7-

Rule 12(b)(6) motion, the court is permitted to go beyond the four corners of the complaint and consider matters of public record without converting the motion into one for summary judgment.[2]  Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (citing Louisiana *ex rel.* Guste v. United States, 656 F. Supp. 1310, 1314 n.6 (W.D. La. 1986), aff'd, 832 F.2d 935 (5th Cir. 1987)); see also 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1356 (3d ed. 2004).  The district court therefore did not commit error by failing to exclude from its consideration the existence of the Bank's actions against Kosarek.

Finally, the Bank opines that the issue of whether another remedy exists is a fact question that is more appropriate for summary judgment because at this point it is not clear that it has an adequate remedy for its impoverishment.  But Kosarek's ability to pay any judgment the Bank may obtain against him is not a factor for the court to consider.  See Hartmann v. Bank of La., 702 So. 2d 648, 672 (La. 1996).  "The existence of a 'remedy' which precludes application of unjust enrichment does not connote the ability to recoup [the] impoverishment by bringing an action against a solvent person.  It merely connotes

---

[2] In deciding this appeal, we do not rely on the existence of the pending action against Kosarek by the Bank.  Even if the Bank were not seeking to recover its losses from Kosarek in a separate lawsuit, this remedy would nonetheless be available to the Bank, and dismissal would still be proper.

the ability to bring the action or seek the remedy." Id. Moreover, "unjust enrichment principles are only applicable to fill a gap in the law where no express remedy is provided," Coastal Environmental Specialists, Inc. v. Chem-Lig International Industries, Inc., 818 So. 2d 12, 19 (La. Ct. App. 2001), not to shift responsibility to another party more able to pay.[3] As it conceded before the district court, the Bank has the ability to bring an action against Kosarek. Dismissal of the Bank's unjust enrichment claim against Commonwealth was therefore proper regardless of whether it will successfully recover its impoverishment from Kosarek.

### III. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[3] The Bank's reliance on Carter v. Flanagan, 455 So. 2d 689 (La. Ct. App. 1984), is misplaced. The Carter court held that the element of lack of other remedy at law had been satisfied because the responsible party's whereabouts were unknown, even though she was being actively sought by law enforcement. Carter, 455 So. 2d at 692-93. The court concluded that the plaintiff's remedy against the fugitive party was impractical and that therefore the fifth element was fulfilled. Id. Carter is distinguishable because in this case there is no allegation in the complaint that Kosarek's whereabouts are unknown. And as the Bank conceded before the district court, it is already pursuing claims against Kosarek.