COLLIN COUNTY, TEXAS, et al.,
Plaintiffs–Appellees,

v.

HOMEOWNERS ASSOCIATION FOR VALUES ESSENTIAL TO NEIGHBORHOODS, (HAVEN), Defendant–Appellant,

v.

Robert E. FARRIS, As Federal Highway Administrator, et al., Defendants–Appellees.

No. 89–1889.

United States Court of Appeals, Fifth Circuit.

Oct. 25, 1990.

**168**

David Frederick, Mary E. Kelly, Austin, Tex., for defendant-appellant.

Thomas W. Luce, III, R. Matthew Molash, John E. Castaneda, Hughes & Luce, Dallas, Tex., for Collin County, Tex., et al. and City of Plano, Tex.

Rodney D. Parrott, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for all State defendants & plaintiff-appellee State Dept. of Hwy.

Frank J. Garza, Asst. County Atty., Dallas, Tex., for city of Dallas.

Peter L. Harlan, William H. Pool, Asst. Dist. Attys., Dallas, Tex., for County of Dallas, Tex.

Jane E. Jackson, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Dallas, Tex., for Federal defendants, Farris et al.

Patrick R. Cowlishaw, Cohan Simpson, Cowlishow, Aranza & Wulff, Dallas, Tex., for city of Carrollton, Tex.

Charles Hinton, Garland, Tex., for city of Garland, Tex.

Louis Nichols, Dallas, Tex., for city of Richardson, Tex.

Rob Morris, Asst. County Atty., Denton, Tex., for Denton County.

Jacques B. Gelin, Dirk D. Snel, Appellate Section, Dept. of Justice, Washington, D.C., for Federal defendants, Farris, et al.

Before CLARK, Chief Judge,
REAVLEY and KING, Circuit Judges.

CLARK, Chief Judge:

## I

Homeowners Association for Values Essential to Neighborhoods, Inc. appeals the district court's grant of summary judgment in favor of Collin County pursuant to the Declaratory Judgment Act. We vacate and dismiss.

## II

Texas State Highway 190 (SH 190) is planned to be an eight-lane highway (with six additional lanes of frontage roads) that is to run east from Interstate 35E to State Highway 78. As originally proposed, SH 190 was to be the northern portion of a loop that would encircle Dallas County. The current proposed 21 mile route runs through the towns of Carrolton, Richardson, Plano, and Garland and traverses Dallas, Denton and Collin Counties.

Although the concept of a major east-west highway in northern Dallas County dates to 1964, SH 190 was initiated by the Texas State Department of Highways and Public Transportation (DHPT) in 1977 in response to rapid population growth in the area. In 1980 the DHPT notified the Fed-

eral Highway Administration (FHWA) of its intention to draft an environmental impact statement (EIS) for SH 190. An EIS is necessary when a highway is to be paid for with federal funds since a highway is considered a "major Federal action" within the meaning of the National Environmental Policy Act (NEPA). *See* 42 U.S.C. § 4332(2)(C). A draft EIS was prepared by DHPT. The draft EIS addressed seven alterative routes and several different designs. In 1982, the Environmental Protection Agency determined that the draft EIS satisfied the filing requirements under the Council of Environmental Quality regulations and a notice of availability was printed in the *Federal Register.* The DHPT then issued a notice of public hearing about the route and design of SH 190.

At the hearing several Carrolton homeowners voiced concern about a proposed route for SH 190 that was near their homes. They suggested a more northerly route or alternatively a depressed roadway to buffer the noise an eight-lane highway was bound to create. Around the same time, Carrolton homeowners formed several organizations with the stated purpose of preventing construction of SH 190 along the opposed route. Three such groups were "Citizens United to Relocate Vehicular Expressway" (CURVE) and "Favorable Access to Carrolton Transportation System (FACTS) and "Homeowner's Association for Values Essential to Neighborhoods, Inc." (HAVEN). In response to pressure from these groups and other concerned citizens the DHPT modified its design along the route in controversy by depressing the Carrolton portion of the highway. A final EIS, based on the modified design along the opposed route, was crafted by the DHPT and, after final circulation, was approved by the FHWA in 1984.

The new depressed design of SH 190 did not satisfy the concerns of Carrolton homeowners. The groups, CURVE and HAVEN, began to make public statements indicating that they intended to fight the construction of SH 190 in court. HAVEN began to solicit contributions to fund anticipated litigation.

Collin County was alarmed by these actions since it wanted SH 190 to be completed as soon as possible and because it had expended substantial funds in anticipation of that event.

The final EIS was submitted to the Environmental Protection Agency, which published a notice of availability in the *Federal Register.* On March 12, 1984, one day after the 30–day comment period had expired, Collin County filed this declaratory judgment action against HAVEN seeking to forestall any potential litigation by HAVEN or the other citizen groups that might delay the completion of SH 190.

Collin County also named as nominal defendants Dallas County, Denton County, the cities of Carrolton, Plano, Garland, Richardson, three FHWA officials, and three DHPT officials. Denton County, Carrolton, Plano, Garland, and Richardson sought and were granted realignment as plaintiffs in this action. The FHWA officials, DHPT officials, and Dallas County remain defendants.

Collin County sought a judgment declaring that the final EIS was sufficient as a matter of law. In 1989, five years after initiation of the litigation, Collin County and the realigned plaintiffs moved for summary judgment. HAVEN also moved for summary judgment. The FHWA officials, DHPT officials, and Dallas County generally agreed that final EIS was sufficient but took no position as to the validity of a declaratory judgment in favor of Collin County.

The district court granted Collin County's motion and denied HAVEN's motion. HAVEN appeals.

### III

On appeal, HAVEN raises four grounds. First, HAVEN claims that Collin County did not have standing to sue HAVEN under the Declaratory Judgment Act since no justiciable controversy existed between HAVEN and Collin County. Second, HAVEN claims the district court erred in holding that Collin County had a "reasonable apprehension of litigation," since HAVEN

could not have sued Collin County about the validity of the EIS. Third, the district court erred in holding that HAVEN bore the burden on summary judgment of showing a genuine issue of material fact as to the adequacy of the final EIS. Fourth, HAVEN asserts that whether Collin County had a reasonable apprehension of litigation and facts it presented about the EIS were issues of material fact that should have been tried. We address these claims seriatim.

### The Declaratory Judgment Act

May a local government, which will benefit from a federally funded highway, use the Declaratory Judgment Act to forestall potential litigation by a citizen's group that might delay construction of the highway when the citizen's group has no cause of action against the local government? In particular, we are asked if Collin County can seek declaratory and injunctive relief to prevent a challenge to a final EIS when Collin County is not the entity responsible for the sufficiency of the EIS. To answer this question we must determine whether Collin County or any of the other plaintiffs in this case are among the class of plaintiffs with standing to sue HAVEN on the EIS pursuant to the Declaratory Judgment Act. 28 U.S.C. § 2201.

The Declaratory Judgment Act is designed to afford parties, threatened with liability, but otherwise without a satisfactory remedy, an early adjudication of an actual controversy. *McDougald v. Jenson*, 786 F.2d 1465, 1481 (11th Cir.1986). The Act provides an expedient means of declaring the rights and obligations of litigants. *Id.*

The Declaratory Judgment Act allows federal courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. This language indicates that a party who has an interest in the outcome of future litigation can petition the court for a declaration of its rights and liabilities. However, the Act does not extend to all possible interests a party may possess. The courts have long held that only parties with legal interests threatened in an actual controversy have standing to sue under the Declaratory Judgment Act. *Wolfer v. Thaler*, 525 F.2d 977, 979 (5th Cir.), *cert. denied*, 425 U.S. 975, 96 S.Ct. 2176, 48 L.Ed.2d 800 (1976). "[T]here must be a substantial controversy ... between parties having adverse legal interests." *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir.1986).

Collin County and the other local government plaintiffs have interests in the speedy completion of SH 190. There is a drastic need for an east-west highway in the area and the local governments would benefit greatly from the improved access that SH 190 would create. Collin County has expended considerable resources in preparation for SH 190. A delay in the completion of SH 190 would obviously injure the plaintiffs in this case. The district court stated that Collin County and the other plaintiffs had "demonstrated that they have a stake in the outcome of this case" and found that this "stake" in the outcome of potential litigation is opposed by HAVEN. This stake and opposition was found to constitute an adverse legal interest which allowed them to seek a declaratory judgment. *Collin County v. Homeowners Association for Values Essential to Neighborhoods*, 716 F.Supp. 953, 964–5 (N.D.Tex. 1989). We recognize the local governments' interests in the outcome of potential litigation between HAVEN and the appropriate highway authority over SH 190. However, these interests are not adverse legal interests vis-a-vis HAVEN's potential NEPA claim—the only substantive issue in this case.

A party's interest is an adverse legal interest within the meaning of the Declaratory Judgment Act when it relates to "a case of actual controversy within [the court's] jurisdiction." 28 U.S.C. § 2201. This language merely recognizes that the case or controversy requirement of Art. III of the Constitution applies in the declaratory judgment context. *Foster v. Center Tp. of LaPorte County*, 798 F.2d 237, 249 (7th Cir.1986). The Declaratory Judgment Act is remedial only. It "enlarged the range of

remedies available in the federal courts but did not extend their jurisdiction...." *Skelly Oil v. Phillips Petroleum Co.,* 339 U.S. 667, 671, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950). A party's legal interest must relate to an actual "claim arising under federal law that another asserts against him...." *Lowe v. Ingalls Shipbuilding, A Division of Litton,* 723 F.2d 1173, 1179 (5th Cir.1984). Since it is the underlying cause of action of the defendant against the plaintiff that is actually litigated in a declaratory judgment action, a party bringing a declaratory judgment action must have been a proper party had the defendant brought suit on the underlying cause of action.

■ Collin County seeks to preclude any action by HAVEN challenging the sufficiency of the final EIS prepared for SH 190. However, HAVEN could not have sued Collin County or any of the other plaintiffs over the sufficiency of the EIS. NEPA directs federal agencies involved in a "major Federal action affecting the quality of the human environment" to prepare an EIS on the proposed action. 42 U.S.C. § 4332(C). Under NEPA it is the responsibility of the federal agency involved in the proposed action to prepare the EIS. *City of Davis v. Coleman,* 521 F.2d 661, 665–66 (9th Cir.1975). This responsibility is primary and non-delegable. In connection with a proposed federally funded highway the responsibility for the preparation of the EIS rests with the FHWA. *I–291 Why? Ass'n v. Burns,* 517 F.2d 1077, 1081 (2nd Cir.1975). The FHWA may allow a state agency to participate in the formation of the EIS but participation by a state agency does not relieve the FHWA of responsibility for the sufficiency of the EIS. *See Natural Resources Defense Council v. Callaway,* 524 F.2d 79, 86 (2nd Cir.1975). The final EIS for SH 190 was prepared by the DHPT and reviewed and approved by the FHWA. Had HAVEN decided to initiate a suit over the sufficiency of the EIS the proper defendant would have been the Secretary of the FHWA and possibly officials of the DHPT. Collin County and the other local government plaintiffs in this suit have no legal responsibility for the sufficiency of the EIS and could not properly have been made defendants in any action HAVEN could have brought under NEPA. Although their interests in the completion of SH 190 might have been adversely affected by potential litigation over the EIS, the local government plaintiffs have no actual liability for any deficiency in the EIS. In short, they have no legally cognizable interest in a potential NEPA action by HAVEN.

Nor could Collin County or the other plaintiffs have intervened as of right in any lawsuit HAVEN could bring against the Secretary of the FHWA or DHPT officials over NEPA requirements. In *Wade v. Goldschmidt,* 673 F.2d 182 (1982), the Seventh Circuit refused to allow interested local government entities to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2) in a case involving an alleged improper EIS in the construction of the Illinois Expressway. The court stated:

> In a suit such as this brought to require compliance with federal statutes regulating governmental projects, the governmental bodies charged with compliance can be the only defendants. As to the determination involved in this suit, all other entities have no right to intervene.

673 F.2d at 185. The holding in *Wade* is instructive in the present case. It would be anomalous to allow a party who would not be a proper defendant nor able to intervene of right in a NEPA lawsuit to precipitate a judgment in such a suit between others by filing an action pursuant to the Declaratory Judgment Act.

HAVEN indicates in their brief that the City of Carrolton, the city in which HAVEN members live, could possibly have been added to any suit which HAVEN would have filed under NEPA as an "ancillary" or "pendant" party on the theory that Carrolton would have acted to frustrate the court's judgment. Without deciding its merit, we can state that HAVEN's apparent admission would not be dispositive. The City of Carrolton, like the other local government plaintiffs could not have been sued directly on account of any alleged deficiency in the final EIS. Thus, neither

Carrolton, nor the realigned plaintiffs, have any adverse legal interest against HAVEN regarding the sufficiency of the EIS.

The district court found an added incentive to issue a declaratory judgment in HAVEN's apparent threats to "tie up the SH 190 project in court." 716 F.Supp. at 965. Despite the irony of this observation in the present lengthy litigation, we recognize such an alleged threat initially might have caused the plaintiffs some concern. However, it does not change the character of the judgment that Collin County and the other plaintiffs sought in this case. A general threat such as this does not create liability against the local government plaintiffs for a specific violation of the NEPA. HAVEN, for all its alleged threats, could not have sued the plaintiffs under NEPA.

Our decision in this case is in accord with the general purpose of the Declaratory Judgment Act. The Act is designed to allow potential defendants in cases of actual and immediate controversy within the subject matter jurisdiction of the federal courts to petition the court for an early resolution of the parties rights and liabilities. An early resolution of the controversy helps the parties avoid damages that might otherwise accrue. *Shoney's, Inc. v. Schoenbaum*, 686 F.Supp. 554 (E.D.Va. 1988). While the Act should be liberally applied when the plaintiff has a legal interest in an actual case or controversy, the Act does not allow a stranger to intended litigation to use a declaratory judgment action as a vehicle to create a cause of action for which it has no legal liability. Accordingly, we hold that Collin County and the other local government plaintiffs do not have standing to seek a declaratory judgment against HAVEN on the sufficiency of the final EIS.

Reasonable Apprehension of Litigation

HAVEN asserts that Collin County and the other plaintiffs had no reasonable apprehension of litigation which would allow them to seek a declaratory judgment. The record indicates that HAVEN and the other homeowner groups made public statements about their intentions to challenge the SH 190 project in court. However, none of these statements indicate what particular legal challenge that HAVEN intended to bring to court or who they might sue. Since we have determined that Collin County or the other plaintiffs could not be defendants to a suit over the validity of the final EIS under the NEPA, it is clear that these plaintiffs could have had no apprehension of a suit on this issue. It is immaterial whether Collin County or any realigned plaintiff had a reasonable apprehension of litigation as to some other cause of action within the subject matter jurisdiction of this court.

Burden of Proof and Issues of Material Fact

Since we have determined that Collin County and the other local government plaintiffs in this case have no legally cognizable interest in the sufficiency of the final EIS under the NEPA, we need not reach the question of which party bore the burden of proving the sufficiency of the EIS or whether HAVEN raised issues of material fact that precluded summary judgments.

IV.

The declaratory judgment appealed from is vacated and the action is dismissed.

VACATED and DISMISSED.