**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-50777**
_____

**John C. Wooley**

**Plaintiff-Appellant,**

**versus**

**Jeff Johnson and Carol Johnson,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
**(A-00-CV-146)**
_____

April 6, 2001

Before KING, Chief Judge, REAVLEY and JONES, Circuit Judges.

PER CURIAM:[*]

Appellant John Wooley appeals the dismissal of his declaratory judgment action. We reverse and remand.

This case stems from the appellees' (the "Johnsons") long-term contractual relationship with Schlotsky's Inc., of which Wooley is the managing general partner. The Johnsons filed a civil RICO claim in arbitration against Wooley and Schlotsky's. Wooley sought a declaratory judgment that he was not subject to the arbitration and was not liable to the Johnsons for civil RICO violations. The arbitrator excused Wooley from the arbitration, making the first part of the declaratory judgment action moot.

---

[*] Pursuant to 5th Cir. Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. Rule 47.5.4.

The Johnsons initially indicated that they would file a counterclaim to Wooley's declaratory judgment action, but later backed off and claimed that they had "no present intent" to sue him. The district court found no actual controversy and dismissed the suit for lack of subject matter jurisdiction.

Reviewing this legal conclusion de novo, we hold that these facts do establish an actual controversy under 28 U.S.C. § 2201. This case has "taken on final shape so that the court can see what legal issues it is deciding." Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d 891, 895 (5th Cir.2000) (finding no controversy where the case had not taken on a final shape). The only contingency here is whether the Johnsons will file suit against Wooley, and this alone does not preclude a controversy. Rowan Cos., Inc. v. Griffin, 876 F.2d 26, 28 (5th Cir.1989) (finding an actual controversy even though a claimant had not yet filed for disputed benefits). Given the past behavior of the Johnsons and their refusal to rule out a future suit, we conclude that an actual controversy exists.

The Johnsons' argument that they are not subject to personal jurisdiction in Texas is meritless. Burger King Corp. v. Rudzewicz, controls this case in all material respects. 471 U.S. 462, 474 (1985) (involving a similar long-term relationship).

The Johnsons' arguments that Wooley lacks standing is also without merit. Collin Cty. v. Homeowners Ass'n for Values Essential to Neighborhoods, 915 F.2d 167, 171 (5th Cir.1990).

For these reasons, we **REVERSE** the dismissal and **REMAND** for further proceedings.