# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 7, 2011

No. 10-11010
Summary Calendar

Lyle W. Cayce
Clerk

VAL-COM ACQUISITIONS TRUST,

Plaintiff – Appellant

v.

CITIMORTGAGE, INCORPORATED,

Defendant – Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-470

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Val-Com Acquisitions Trust ("Val-Com") appeals the district court's order dismissing its claim for declaratory relief against Defendant–Appellee CitiMortgage, Inc. and denying Val-Com's motion for leave to amend its complaint. For the following reasons, we affirm the judgment of the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-11010

## I.  BACKGROUND

In January 2010, Adam J. Stanley deeded his interest in a residential property in Azle, Texas to Val-Com.[1]  Val-Com took the property subject to an existing Deed of Trust held by CitiMortgage, but did not assume the loan or make any payments to CitiMortgage.  On June 7, 2010, Val-Com and Stanley filed an action in Texas state court alleging that CitiMortgage and its predecessors in interest failed to provide required disclosures to Stanley and failed to follow required procedures during the loan process, though the complaint did not allege which disclosures were withheld or which procedures were not followed.  The plaintiffs claimed damages based on alleged violations of the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the regulations promulgated thereunder; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*;  and a Texas statute regarding fraud in real estate transactions, Tex. Bus. & Com. Code Ann. § 27.01.  They also requested declaratory and injunctive relief  related to CitiMortgage's intent to enforce its security interest in the property through a non-judicial foreclosure sale.

CitiMortgage removed the case to the District Court for the Northern District of Texas, and the district court ordered the parties to appear personally for a settlement conference.  When Stanley did not appear, the court dismissed him from the case as a sanction.  Val-Com then filed a motion for leave to amend its complaint.  The proposed amended complaint recast Val-Com as assignee of Stanley's rights and added a claim for negligent misrepresentation, but it otherwise contained allegations identical to those in the original complaint.

The district court held a hearing on the motion, during which the court sua sponte deemed CitiMortgage to have made a motion to dismiss the complaint for

---

[1] Val-Com is an entity that purports to assist homeowners facing foreclosure.

failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The district court determined that the TILA claim and the negligent misrepresentation claim in the proposed amended complaint were barred by the statute of limitations, and that the complaint failed to allege sufficient facts to state a claim under RESPA or a real estate fraud claim under Texas state law. The court thus dismissed Val-Com's complaint in its entirety. The court also denied Val-Com's motion for leave to amend its complaint, finding that amendment would be futile because the proposed amended complaint would also be subject to immediate dismissal under Rule 12(b)(6).

## II.  DISCUSSION

Val-Com first argues that the district court erred in dismissing its claim for a declaratory judgment. In its complaint, Val-Com requested declarations that CitiMortgage violated TILA and RESPA and that CitiMortgage could not enforce its security interest in the property through a non-judicial foreclosure sale due to alleged violations of TILA and RESPA. Although Val-Com protests the dismissal of its claim for declaratory relief, it does not argue that the district court erred in dismissing its claims for damages based on CitiMortgage's alleged violations of TILA and RESPA.

We review de novo the district court's dismissal of a claim under Rule 12(b)(6). *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "As a general rule, a district court may dismiss a complaint on its own for failure to state a claim." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006). Val-Com does not dispute the fairness of the procedure the district court employed or complain that it was deprived of notice of the court's intention or an opportunity to respond. *See id.* ("[D]istrict courts should not dismiss claims *sua sponte* without prior notice and opportunity to respond.").

Val-Com contends that it has a continuing claim for declaratory relief under the Texas Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem.

No. 10-11010

Code Ann. § 37.004, and cites Texas authority to support the continued vitality of its declaratory judgment claim. We will assume without deciding that the Texas act applies to an action removed to federal court, *but see Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998), because applying either Texas or federal law, the district court did not err in dismissing Val-Com's claim for declaratory relief.

Both Texas and federal law require the existence of a justiciable case or controversy in order to grant declaratory relief. *Bauer v. Texas*, 341 F.3d 352, 357–58 (5th Cir. 2003); *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995). In a declaratory judgment action, the parties litigate the underlying claim, and the declaratory judgment is merely a form of relief that the court may grant. *See Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 171 (5th Cir. 1990). In its complaint, Val-Com sought a declaration that CitiMortgage, or its predecessors in interest, had violated TILA and RESPA. After the district court dismissed the TILA and RESPA claims for failure to state a claim under Rule 12(b)(6), there was no underlying claim for the court to adjudicate and the court could not declare a violation of TILA or RESPA. Val-Com also sought a declaration that CitiMortgage could not proceed with a non-judicial foreclosure sale, but only based on the alleged violations of TILA and RESPA. Val-Com alleged no other facts contesting CitiMortgage's authority to conduct a non-judicial foreclosure sale. Once the district court had dismissed the underlying TILA and RESPA claims, there were no claims for which the district court could grant declaratory relief.

Val-Com also argues that the district court erred in denying its motion for leave to amend its complaint. In denying Val-Com's motion, the district court reasoned that the amendment was futile because Val-Com's proposed amended complaint would be subject to immediate dismissal under Rule 12(b)(6).

4

No. 10-11010

Notably, Val-Com does not argue that its proposed amended complaint cures any of the deficiencies the district court found to exist in its original complaint. Val-Com instead argues that it moved to amend well before the deadline for filing amendments and that CitiMortgage would not be prejudiced by the amendment, arguments which do not address the basis for the district court's denial of the motion. Val-Com's failure to identify any error in the district court's analysis is as if Val-Com had not briefed the issue at all. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). We therefore find that Val-Com has abandoned the issue and affirm the district court's denial of Val-Com's motion for leave to amend its complaint.

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.