# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2012

No. 11-11024

Lyle W. Cayce
Clerk

EUGENE FLORES,

Plaintiff-Appellant

v.

SELECT ENERGY SERVICES, L.L.C.,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CV-279

Before WIENER, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Eugene Flores is a former employee of Defendant-Appellee Select Energy Services, L.L.C. ("Select"). He sued Select, asserting claims of age and race discrimination, retaliation, and negligence. The district court concluded that Flores had failed to plead facts sufficient to render any of his claims plausible. We AFFIRM in part and REVERSE in part.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-11024

## FACTUAL AND PROCEDURAL BACKGROUND

Flores drove trucks for Select, an oil services company. On February 20, 2011, Flores told his supervisor, Joe Mendoza, that he (Flores) planned to look for work closer to home. Mendoza and Flores agreed that he would continue working for Select for two more weeks. At the end of those two weeks, Mendoza asked Flores if he would be coming into work, to which Flores responded that he would work one more week while waiting to hear from a new employer. During that final week, Flores was involved in an automobile accident while driving a company vehicle. He tested negative for alcohol and drugs, but Select fired him the next day.[1]

Flores alleged that one of Select's former drivers "had an accident and was suspended for three days pending the [Department of Transportation] test[] results and returned back to work." He also alleged that a current Select employee who was under the age of 40 had an accident similar to Flores's, but that the other employee had not been fired. Flores further alleged that two other Select employees were involved in accidents without being fired, but that two Select employees over 40 were fired after being involved in accidents.

Flores filed his original complaint on April 27, 2011. Select filed a motion to dismiss on May 20, one day after the deadline for filing an answer or a motion under Rule 12. On May 19, Select had timely served Flores with the motion by both certified mail and electronic mail, the day of the deadline. Flores sought

---

[1] The timing of the automobile accident—after Flores had already voluntarily provided notice that he was leaving employment with Select, but after Select had asked him to stay one more week—makes it unclear whether Flores was actually "fired" by Select following the automobile accident. Aggravating this confusion is the nature of Flores's complaint, which in part criticizes his termination but also criticizes letters of reference provided by Select stating that Flores had been fired, a contention that Flores alleges has hurt his employment prospects. Seemingly, Flores alleges that he was fired by Select, but desired potential future employers to believe that he had voluntarily left employment with Select. Despite this confusion, Flores has made the factual allegation that he was fired by Select, if only a few days early, an allegation we will construe as true.

2

entry of default and default judgment based on Select's untimely filing.  The district court denied his requests when it determined that Select's motion was untimely filed only because the courier it used had encountered unexpected traffic on the way to the courthouse.  The court also concluded that Flores had not demonstrated any prejudice from that one-day delay in filing.

The district court found that motion to dismiss meritorious, but granted Flores leave to amend his complaint.  After Flores did so, Select filed another motion to dismiss, which the court granted.  Flores appeals.

## DISCUSSION

Flores challenges the district court's denial of his motion for entry of default and the dismissal of all of his claims.[2]

We review the denial of default judgment for abuse of discretion.  *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001).  "[A] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."  *Id.* (quotation marks and citations omitted).  Flores emphasizes that Select knew the deadline for filing an answer yet failed to meet it.  Select acknowledges that its filing was untimely, but responds that the district court was within its discretion in denying entry of a default because of the circumstances surrounding its tardiness and the lack of prejudice to Flores.

Although Select's motion was filed a day late, it was entered on the docket before Flores filed his motion for default; he was served by electronic and

---

[2] Although we liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to those represented by counsel, pro se parties still must brief the issues and reasonably comply with the standards of Rule 28.  *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (footnote omitted).  Flores also raises for the first time on appeal a claim of the denial of his Fourteenth Amendment Due Process rights; however, he only discusses principles of due process generally and does not allege that anything besides the district court's grant of Select's motion to dismiss under the Federal Rules of Civil Procedure denied him due process.  Because "[f]ailure adequately to brief an issue on appeal constitutes waiver," Flores has waived this claim.  *Life Partners Inc. v. United States*, 650 F.3d 1026, 1033 n.2 (5th Cir. 2011).

certified mail before the deadline; and Select provided documentation explaining its tardiness. Flores has not pointed to any prejudice he suffered as a result of the small delay or to anything in the record evidencing that the district court abused its discretion in denying default. We are satisfied that, because "default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations," the district court did not abuse its discretion in denying default in this case. *Lewis*, 236 F.3d at 767 (quotation marks and citations omitted).

We review dismissals for failure to state a claim *de novo*. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). Flores insists that he pleaded the "who, what, when, why, and damages," in sufficient detail to avoid dismissal for failure to state a claim. Specifically, Flores alleged that Select fired him after his accident because of his age and that it had not treated similarly situated younger employees the same way. Flores also claims that Select sent an improper letter of reference to one of his potential future employers. Select maintains that Flores failed to allege a plausible age discrimination claim, his only factual allegation being that some younger employees were not fired after vehicular accidents.

"To establish an ADEA claim, a plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010) (quotation marks and citation omitted). The district court correctly noted that Flores does not have to plead a prima facie case to state a plausible claim of age or race discrimination. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002). The elements of a prima facie case are helpful, however, in framing what constitutes an ADEA claim. Those elements are: "(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i)

replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." *Berquist v. Washington Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007) (quotation marks and citation omitted). The district court concluded that the sum of Flores's factual allegations failed to raise Flores's "age discrimination claim to the speculative level," primarily due to the confusion surrounding whether Flores voluntarily ended his employment or was fired in his final days with Select.

When we review the grant of a motion to dismiss, we must accept the well-pleaded facts as true and consider them in the light most favorable to the plaintiff. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Applying this standard, we conclude that Flores's factual allegations of (1) being fired[3] immediately after his accident, in contrast with similarly situated younger employees not being fired after being involved in such accidents, and (2) Select's transmitting an improper job reference, are sufficiently plausible to support a claim of age discrimination at the Rule 12(b)(6) stage of this case. We therefore reverse the district court's dismissal of Flores's ADEA claim of age discrimination.

As to his retaliation claim, Flores did use the word "retaliation," but he did not allege any discrete facts in support of his having engaged in protected activity. *See* 29 U.S.C. § 623(d). Although Flores cites *Robinson v. Shell Oil*, 519 U.S. 337 (1997) in support of his claim based on Select's alleged failure to provide positive job references for him, this factual basis could support only his discrimination claim, not claims of retaliation or libel.

Select advances that Flores's only allegations pertaining to his race discrimination claims relate to a company policy that came into being months after he left Select's employ, so that only employees working for Select at that

---

[3] As we previously mentioned, we accept Flores's allegation that he was fired as true, despite the variety of descriptions Flores provides about his separation from Select.

later date could have such claims.  Select insists that Flores lacks standing to bring claims for such other individuals.  *See generally Nat'l Fed'n of the Blind of Texas, Inc. v. Abbott*, 647 F.3d 202, 208 (5th Cir. 2011).  As noted by Select, Flores has not alleged any other facts related to race discrimination and thus has failed to state any claim, much less a plausible one.  We agree.

Flores's factual allegation to support his negligence claim is that, at one time, he complained about particular maintenance issues.  He does not allege that any maintenance deficiencies by Select caused his accident, nor does he allege how Select's failure to be responsive to his complaints constituted negligence.  His claim based on negligence is a "naked assertion[] devoid of further factual enhancement."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted).

Accordingly, we reverse and remand Flores's ADEA claim, and we affirm the dismissal of all his other claims.

REVERSED IN PART; AFFIRMED IN PART.