# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41459

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2016

Lyle W. Cayce
Clerk

PHILLIP DAVID HASKETT,

Plaintiff - Appellant

v.

T.S. DUDLEY LAND COMPANY, INCORPORATED; UNKNOWN CLIENTS OF T.S. DUDLEY LAND COMPANY, INCORPORATED #1-#9; JON DOUGHS #1-#9,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:14-CV-277

Before HIGGINBOTHAM, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:*

Phillip Haskett applied for petroleum landman positions with the T.S. Dudley Land Company ("TSD"). TSD didn't hire him. He sued for age discrimination, and now appeals the district court's dismissal of his complaint. We VACATE that dismissal in part, AFFIRM in part, and REMAND.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41459

I

Haskett alleged the following facts in his first amended complaint.[1] Haskett was born in 1957. He is a "Registered Professional Landman (RPL) certified by the Association of Professional Landmen (AAPL)" and has ten years' experience in the field.[2] TSD is an Oklahoma-based petroleum land management company. Beginning in 2012, TSD posted several job openings on an industry website. Haskett applied for the jobs by submitting his resume to TSD, but TSD never responded. Instead, it hired younger workers. Haskett believes TSD discriminated against him because of his age, "as part of a suspected industry-wide effort to replace the existing labor force with younger, less experienced but more easily manipulated employees."

Haskett filed an Age Discrimination in Employment Act (ADEA) complaint with the Equal Employment Opportunity Commission (EEOC).[3] TSD responded, as described in greater detail below. The EEOC investigated, found no evidence of unlawful discrimination, and issued Haskett a Dismissal and Notification of Rights letter affirming his right to sue. He did so, naming as defendants TSD and various unspecified clients and employees of the company. TSD then moved to dismiss for failure to state a claim, arguing that Haskett's complaint alleged insufficient facts. Haskett amended his complaint in response, and TSD filed a second motion to dismiss.[4] The district court

---

[1] Because Haskett appeals from the dismissal of his complaint under Rule 12(b)(6), we accept all of its well-pleaded facts as true. *Raj v. Louisiana State Univ.*, 714 F.3d 322, 329-30 (5th Cir. 2013).

[2] Haskett elaborates: "The level of experience required to obtain an RPL certification is well-known within the petroleum land management industry, and an RPL designation is generally accepted in the industry as evidence of significant competency as a landman."

[3] *See* 29 U.S.C. § 623(a)(1) ("It shall be unlawful for an employer to fail or refuse to hire . . . any individual . . . because of such individual's age . . . .").

[4] TSD claims that "the on-line postings for a contract landman to which Appellant responded were for independent contractor positions and therefore T.S. Dudley is not an 'employer' within the meaning of the ADEA," but concedes that "for the purposes of the Motion to Dismiss filed by T.S. Dudley in the lower court, T.S. Dudley argued that, even if it

No. 14-41459

summarily granted that motion, and Haskett appealed. "We review a district court's grant of a motion to dismiss based on failure to state a claim de novo, accepting all well-pleaded facts in the complaint as true and viewed in the light most favorable to the plaintiff."[5]

## II

Before assessing the sufficiency of Haskett's complaint, we address a few preliminary issues. First, in a point of purported error, Haskett claims that the district court abused its discretion by "failing to advise [him] that he should amend his complaint" a second time.[6] As his elliptical phrasing reveals, Haskett did not ask the district court for leave to re-amend his complaint. Nor does he cite additional facts that he might have introduced. Therefore, the district court did not abuse its discretion in failing to invite a second amendment, Haskett's pro se status notwithstanding.[7]

Second, although Haskett sued several defendants, only his claims against TSD itself are preserved on appeal. In his reply brief, Haskett appears to explicitly waive what he terms his "Respondeat Superior claims" insofar as they are separate from his claim against TSD. Presumably, this refers to his

---

was an employer, Appellant failed to state a plausible claim for age discrimination under the ADEA." To be sure, we could affirm the dismissal anyway if we found that TSD was not an "employer" for purposes of Haskett's suit, rendering that suit legally unsupported. *See Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006) ("We may affirm a district court's Rule 12(b)(6) dismissal on any grounds supported by the record."). However, we find the record insufficiently developed to allow such a fact-intensive determination, especially since TSD did not argue the "independent contractor" issue below or in this court.

[5] *Raj v. Louisiana State Univ.*, 714 F.3d 322, 329-30 (5th Cir. 2013).

[6] Haskett also claims, as another point of purported error, that the district court failed to liberally construe his pro se pleadings. Even if so, this is not reversible error per se, but rather informs our analysis of whether dismissal was proper.

[7] *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) ("Brewster [a pro se litigant] gives no indication that he did not plead his best case in his complaint and more definite statement. He does not state any material facts he would have included in an amended complaint. Brewster has therefore failed to show that the district court abused its discretion by dismissing his complaint without granting him leave to amend." (citations and footnote omitted)).

3

No. 14-41459

claims against the unnamed employee and client defendants. In any event, Haskett's briefing focuses exclusively on TSD and does not mention the unnamed defendants, nor argue that his claim against them was improperly dismissed. Therefore, only Haskett's claim against TSD itself is live, and the district court's dismissal as to the other defendants stands.[8]

Finally, TSD argues that Haskett's request below for a declaratory judgment was properly dismissed in any event because such a request does not amount to an independent cause of action.[9] In his amended complaint, Haskett presented a request for declaratory judgment both as a "second claim for relief" and in a list of desired remedies at the end of the complaint. His reply brief appears to clarify that the request was derivative of his main ADEA claim, i.e., that it was remedial in nature. Thus, we need not address whether it could or should have survived as a separate claim for relief.

III

We now consider whether Haskett's complaint sufficiently stated a claim. We have not specified a distinct pleading threshold for ADEA claims, and the Supreme Court has affirmed that none exists.[10] Thus, the typical Rule 12(b)(6) standard applies: a complaint must "plead 'enough facts to state a claim to relief that is plausible on its face.'"[11]

---

[8] *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("An appellant abandons all issues not raised and argued in its initial brief on appeal.").

[9] *See, e.g.*, *Val-Com Acquisitions Trust v. CitiMortgage, Inc.*, 421 F. App'x 398, 400-01 (5th Cir. 2011) (unpublished) ("In a declaratory judgment action, the parties litigate the underlying claim, and the declaratory judgment is merely a form of relief that the court may grant.").

[10] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (in an employment discrimination case under the ADEA and Title VII, rejecting a "heightened pleading standard in employment discrimination cases"); *see, e.g.*, *Leal v. McHugh*, 731 F.3d 405, 410, 413 (5th Cir. 2013) (relying on general principles of notice pleading, as set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in reversing the district court's Rule 12(b)(6) dismissal of ADEA claims).

[11] *Leal*, 731 F.3d at 410 (quoting *Twombly*, 550 U.S. at 570).

No. 14-41459

"[A] plaintiff need not make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim";[12] however, "the elements of a prima facie case are helpful . . . in framing what constitutes an ADEA claim."[13] Haskett stated a prima facie case against TSD because he alleged in his complaint that "(1) he belongs to a protected class; (2) he applied for and was qualified for a position that was seeking applicants; (3) he was rejected; and (4) following his rejection, another applicant not of the protected class was hired."[14] In another recent ADEA case, *Wooten*, we found that an ADEA complaint satisfied Rule 8 (from which Rule 12(b)(6)'s plausibility requirement derives)[15] by alleging only that the complainant had worked for a company, that he filed an age discrimination charge against the company, and that the company constructively discharged him in response, causing him harm.[16] If anything, Haskett's filing was more factually detailed than the bare-bones complaint we accepted in *Wooten*. We find that his

---

[12] *Raj*, 714 F.3d at 331 (Title VII race discrimination case); *see Flores v. Select Energy Servs., L.L.C.*, 486 F. App'x 429, 432 (5th Cir. 2012) (unpublished) (applying this rule in an ADEA case).

[13] *Flores*, 486 F. App'x at 432.

[14] *Haas v. ADVO Sys., Inc.*, 168 F.3d 732, 733 (5th Cir. 1999).

[15] *Twombly*, 550 U.S. at 557 (Rule 12(b)(6)'s plausibility requirement derives from the "threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'show that the pleader is entitled to relief.'") (alteration omitted); *Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 396-97 (5th Cir. 2005) (similar). *Wooten* addressed whether the complaint at issue sufficed to support a default judgment, not a Rule 12 motion to dismiss. Of course, dismissal may still be warranted under Rule 12(b)(6), despite compliance with Rule 8, if the complaint's factual allegations could not possibly give rise to a right to relief, but TSD focused below and in this court on the factual sufficiency of Haskett's complaint. *See supra* note 4; *Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, 201 F. App'x 988, 990 (5th Cir. 2006) (unpublished) ("[M]ere compliance with Rule 8 does not itself immunize the complaint against a motion to dismiss.").

[16] *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). The *Wooten* complaint did not specify the nature of the company's allegedly unlawful actions, but stated only that it "discriminated and retaliated against [Wooten], and created a hostile work environment, until such time that [Wooten] was constructively discharged." *Id.*

complaint gave TSD "fair notice" of his age discrimination claim, and therefore met Rule 12(b)(6)'s factual sufficiency requirement.[17]

In arguing otherwise, TSD relies heavily on its response to Haskett's EEOC charge. In that response, TSD indicated that 1) its records indicated that Haskett only applied for one opening; 2) the opening was for a project for which the company ultimately hired "8-10" landmen, three of whom were over the age of 50; and 3) Haskett was not hired for the project because he did not live near the worksite and because his prior work for TSD was unsatisfactory.

Haskett attached TSD's response as an exhibit to his complaint, so we may consider it in ruling on TSD's motion to dismiss.[18] Nonetheless, at this stage, it would be perverse to use TSD's self-serving claims to reject Haskett's factual allegations, as we recently recognized in *Bosarge*. In that case, the defendants moved for judgment on the pleadings and attached affidavits to their motion. The plaintiff, Bosarge, then filed an amended complaint which "borrow[ed] a number of facts from the . . . affidavits, while disputing other claims made in" them. The defendants claimed that Bosarge had effectively incorporated these affidavits into his complaint, requiring this court to accept them as true for purposes of their motion for judgment on the pleadings. We disagreed:

> [W]hile the affidavits may be considered as an aid to evaluating the pleadings, they should not control to the extent that they conflict with Bosarge's allegations. We distinguish these affidavits from contracts and medical records attached to a complaint, which we have held generally trump contradictory allegations in the complaint. Accepting the Defendant-agents' unilateral statements as true would deprive Bosarge of the presumption of truth to which

---

[17] *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Wooten*, 788 F.3d at 499-500.

[18] *See, e.g.*, *Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 440 (5th Cir. 2015); *Kamps v. Baylor Univ.*, 592 F. App'x 282, 284 n.1 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 2380 (2015) (unpublished).

he is entitled at this stage of the litigation. . . . We therefore do not accept as true all allegations in the agents' affidavits[.][19]

The same logic straightforwardly applies here.[20] Haskett clearly did not adopt TSD's allegations to the EEOC as his own for purposes of his complaint.[21] They are therefore still "unilateral" and to the extent they are in tension with the complaint itself, they cannot control.[22] Rather, any such tension is an evidentiary issue appropriate for summary judgment analysis.[23]

## CONCLUSION

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [its allegations] is improbable."[24] Haskett's complaint partially clears the low bar of Rule 12(b)(6). Accordingly, we VACATE the dismissal of his claim against TSD, AFFIRM the dismissal as to all other parties, and REMAND for further proceedings consistent with this opinion.

---

[19] *Bosarge*, 796 F.3d at 440-41 (5th Cir. 2015); *see also id.* (citing *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 537 (5th Cir. 2003), for the proposition that "even where a document attached to a motion to dismiss is incorporated into the pleadings [including the complaint], the district court still must 'construe the plaintiffs' factual allegations in the light most favorable to the plaintiffs'").

[20] Indeed, *Bosarge* noted that the analyses for 12(b)(6) dismissal and judgment on the pleadings were similar. *Id.*

[21] To the contrary, he disputes them extensively in the complaint.

[22] *See also N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 455 (7th Cir. 1998) ("To conclude summarily . . . that letters written by [defendants] represent the truth with regard to the defendants' intent simply because [plaintiff] attached them to its complaint for reasons unrelated to their truthfulness is inappropriate. . . . A blanket adoption rule makes sense in the context of an attached contract or loan agreement because the contract represents an agreement between two or more parties to which the law binds them. We are not inclined to apply such a rule in the case of letters written by the opposition for what could be self-serving purposes.").

[23] *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 267 (5th Cir. 2009).

[24] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).